Martin J. WYGOD et al., Plaintiffs,

v.

NATIONAL GENERAL CORPORATION, Defendant.

No. 71 Civ. 5032.

United States District Court, S. D. New York.

June 28, 1972.

**324**

———◆———

Fox, Glynn & Melamed, New York City, for plaintiffs; Townley, Updike, Carter & Rodgers, Philip D. Pakula, New York City, of counsel.

Booth, Lipton &. Lipton, New York City, for defendant; Edward S. Wactlar, Philip Pierce, New York City, of counsel.

## OPINION

COOPER, District Judge.

Motion denied. The temporary restraining order as extended is vacated. The instant order is stayed until Friday, June 30, 1972 at 10:00 A.M. or pending determination on appeal, whichever is sooner.

Following the completion of argument on June 13, 1972 and several times thereafter, counsel for both parties informed us that negotiations were continuing in an effort to extend the temporary restraining order of June 8, 1972 by consent. As recently as last Friday, June 23, 1972 at 4:00 P.M. counsel for defendant represented to the Court that a letter evidencing a ten-day extension of said order would be transmitted to us that day. At 5:20 P.M. last Friday we were orally notified by attorneys for defendant that the consent was withdrawn and on Monday, June 26, 1972 at 9:00 A.M. we received from them a letter dated June 23, 1972 confirming the withdrawal of consent. A prompt disposition is now necessary.

At a minimum, as the pleadings in the underlying action now stand, there has been no showing that the remedy at law is inadequate. The complaint in the underlying action seeks damages only, the classic legal remedy, in the amount of $6,454,479.50. That action has not been withdrawn. Indeed, the complaint has not even been amended to include a prayer for equitable relief, or a motion duly made to that effect, for over eight (8) months since the commencement of the action. Additionally, if plaintiffs succeed at trial, a separate registration statement still may be effected for shares at issue.

The essence of whatever injury may exist is no different from that for which relief is sought in the complaint. Any damages are susceptible of proof which can be adduced at trial. The relief sought at this time is inappropriate.

Similarly, we are not shown why no adequate remedy at law exists for the stop transfer order. If irreparable injury and no adequate remedy at law existed we would have expected plaintiffs to move far more quickly to rescind the stop transfer order entered April 7, 1972 as well as to amend the pleadings as the rules require. Fed.R.Civ.P. 15. Neither course was followed.[1]

1. Plaintiffs have elected the damage remedy in the complaint. Specific performance or other relief after trial may be available on different pleadings. N.Y.U. C.C. § 8–316, Comment 2.

Further, were we to grant the preliminary injunction plaintiffs seek, they would by one swift move receive the relief to which they may well be entitled ultimately. This would not maintain the *status quo*. Unicon Management Corp. v. Koppers Co., 366 F.2d 199 (2d Cir. 1966).

So ordered.